**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NATHANIEL GATERE WANJIRU,

Petitioner,

v.

Case No. 2:26-cv-02882-MIS-GJF

WARDEN, in his capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Nathanial Gatere Wanjiru's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 31, 2026. Respondents answered the Petition ("Response") on September 16, 2026, ECF No. 8.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 5. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a Kenyan citizen who entered the United States on August 18, 2023, on a student visa. Pet. at 10. Petitioner fell out of compliance with the student visa, and it was terminated on June 11, 2024. Pet. at 10; Resp. at 2. On January 11, 2026, United States Immigration and Customs Enforcement detained Petitioner. Pet. at 10-11. He has been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at 1.

On March 3, 2026, an Immigration Judge held a bond hearing and denied bond, determining that Petitioner was a flight risk. Id. at 11. On June 23, 2026, an Immigration Judge granted Petitioner pre-conclusion voluntary departure in lieu of removal. Id. The Executive Office for Immigration Review's ("EOIR") website shows that Petitioner did not appeal this order. EOIR. The grant of pre-conclusion voluntary departure required that Petitioner provide the United States Department of Homeland Security ("DHS") with his passport or other travel documents to assure lawful entry into the country where he is departing within 60 days of the Order, or within any time extensions that DHS would grant. ECF No. 8-6. It also indicated that the grant of pre-conclusion voluntary departure was "under safeguards," and stated nothing further. Id. Finally, the Order stated that "if any of the above-ordered conditions are not met as required or if the [Petitioner] fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings" and Petitioner shall be removed to Kenya based on the charges set forth in the Notice to Appear. Petitioner presents no information that he has provided his passport or travel documents to DHS. See generally Pet. and Resp. at 7.

## II. Legal Standards

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to

issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Analysis

Petitioner argues primarily that Santillan v. Quiroz, 183 F. 4th 1226 (10th Cir. 2025) requires habeas relief because the March 2026 bond hearing was not constitutionally adequate in that it lacked sufficient individualized consideration. Pet. at 13. Respondents argue in response that 8 U.S.C. § 1226(a) no longer governs Petitioner's detention because of the Immigration Judge's decision to grant pre-conclusion voluntary departure on June 23, 2026. Resp. at 6-8.

Section 1229c(a)(1) of the Immigration and Nationality Act ("INA") allows a noncitizen to voluntarily depart the United States in lieu of being subject to removal proceedings. 8 U.S.C. § 1229c(a)(1). The regulation implementing Section 1229c, allows an immigration judge to attach conditions to the grant of voluntary departure, including "the posting of a bond, continued detention pending departure, and removal under safeguards." 8 C.F.R. § 240.25(b). The period to depart voluntarily cannot extend beyond 120 days, with limited exceptions not relevant here. 8 U.S.C. § 1229c(a)(2)(A). Because Petitioner requested and an immigration judge granted voluntary departure on June 23, 2026, Petitioner's detention is not governed by 8 U.S.C. § 1226(a)

but by 8 C.F.R. § 240.25(b), and his argument that he did not receive an individualized determination at the March 2026 bond hearing is moot.[2] See Rodriguez-Rodriguez v. Raycraft, No. 3:26-CV-667, 2026 WL 1453772, at *3 (N.D. Ohio May 22, 2026).

However, Petitioner also states that the Immigration Judge did not "post any condition for bond" and did not "order Respondents to detain [him] through the period leading to voluntary departure." Respondents disagree, noting that the voluntary departure order states that it is granted "under safeguards," which they argue means detention. Resp. at 6.

Several courts have adopted the Respondents' position that "under safeguards" colloquially means "continued detention." See Baez Sanchez v. Hinkley, No. 1:26-CV-2229, 2026 WL 2444544, at *2 (W.D. Mich. Aug. 20, 2026) (collecting cases); Ndong v. Oddo, No. 3:26-CV-901, 2026 WL 1660100, at *1 (W.D. Pa. June 9, 2026); Rodriguez-Rodriguez, 2026 WL 1453772, at *4 (collecting cases). The Court, however, disagrees. Such a reading of § 240.25(b) ignores its plain language, which identifies three distinct conditions—"bond," "continued detention," and "under safeguards"—an immigration judge may impose related to a voluntary departure. It is well established that courts must construe statutes in "a manner that gives effect to all of their provisions" and does not render portions of a statute meaningless. U.S. ex rel. Eisenstein v. City of New York, 556 U.S. 928, 933 (2009); see also Hibbs v. Winn, 542 U.S. 88, 101 (2004). Thus, "continued detention" and "under safeguards" must describe different conditions, otherwise the latter would be redundant, superfluous, and meaningless. Indeed, immigration judges commonly utilize several "safeguards" other than "continued detention" such as electronic monitoring and

[2] To be clear, the Court takes no position on whether the March 2026 bond determination was constitutionally adequate, though notes that the immigration judge wrote only that he "does not have an apparent form of relief, such that no amount of bond could ensure his appearance," which lacks any facts specific to Petitioner other than the fact that he likely would be removable, a ground the Court has previously found to be inadequate.

regular check ins. Without specific and precise language, the Immigration Judge did not provide Petitioner sufficiently clear notice of the terms of the pre-conclusion voluntary departure and his agreement to such conditions could not have been knowing and voluntary. See generally Palacios-Yanez v. Holder, 480 F. App'x 474, 477 (10th Cir. 2012) (considering petitioner's understanding and acceptance of the terms for a pre-conclusion voluntary departure in the context of an ineffective assistance of counsel claim). If an immigration judge wishes to keep a noncitizen detained after granting voluntary departure, the immigration judge should say "continued detention" and not "under safeguards."

The Court finds Petitioner is not subject to the detention provisions of 8 U.S.C. § 1226(a) and further that the Immigration Judge did not impose "continued detention" pursuant to 8 C.F.R. § 240.25(b). Therefore, the Court finds that his continued detention violates his Fifth Amendment due process rights and the INA. Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Therefore, the Court orders his immediate release. The Court further orders that Petitioner shall not be re-detained absent a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Nathaniel Gatere Wanjiru from detention, subject to reasonable conditions of release, (aka "under safeguards") such as electronic monitoring and/or regular check-ins;

3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent a valid final order of removal; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE